Olshan Grundman Frome Rosenzweig & Wolosky LLP
Safia A. Anand
Martin J. Feinberg
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300
*Attorneys for Plaintiff*

and

Michael W.O. Holihan
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, FL 32751
(407) 660-8575
*Of Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKE, INC.,<br><br>                    Plaintiff,<br><br>-against-<br><br>JOHN DOE 1 A/K/A AMTAI IMPORTS;<br>JOHN DOE 2 A/K/A BEST DEALS TRADING<br>USA; JOHN DOE 3 A/K/A ELSTER<br>ELECTRICITY LLC; JOHN DOE 4 A/K/A<br>ELESTER ELECTRICITY; JOHN DOE 5 A/K/A<br>GOLDMAN PRODUCTIONS, INC.; JOHN DOE<br>6 A/K/A GRACEFUL TRADING INC; JOHN<br>DOE 7 A/K/A MAIN SIDE, INC.; JOHN DOE 8<br>A/K/A MAIN SIDE, INC.; JOHN DOE 9 A/K/A<br>MAVI JEANS, INC.; JOHN DOE 10 A/K/A<br>NORTH AMERICA KITCHEN; JOHN DOE 11<br>A/K/A Q&B TRADING, INC; JOHN DOE 12<br>A/K/A QUEST MANUFACTURING, INC.;<br>JOHN DOE 13 A/K/A HONG SHEN UNITED<br>REVERTEX TRADING; JOHN DOE 14 A/K/A<br>SAINT GOBAIN CERAMICS & PLASTICS;<br>JOHN DOE 15 A/K/A SAINT GOBAIN | Civil Action No.<br><br>COMPLAINT |

942951-1

CERAMICS & PLASTICS; JOHN DOE 16
A/K/A BEPEX INTERNATIONAL; JOHN
DOE 17 A/K/A BEST FLASH USA, INC.; JOHN
DOE 18 A/K/A DIY CORP; JOHN DOE 19
A/K/A EZ IMPORT & EXPORT, INC.; JOHN
DOE 20 A/K/A GENUINE TRADING, INC.;
JOHN DOE 21 A/K/A GLEASON AVERY
DIVISION; JOHN DOE 22 A/K/A HOME ART
TILE CORP; JOHN DOE 23 A/K/A L&M
BAG & SUPPLY CO INC.; JOHN DOE 24
A/K/A SIMPLY PERFECT FURNITURE, INC.;
JOHN DOE 25 A/K/A CAD CAAD TRADING,
INC.; JOHN DOE 26 A/K/A; COOL OCEAN
TRADING, INC.; JOHN DOE 27 A/K/A
GLOBAL GARMENT TRADING, INC.; JOHN
DOE 28 A/K/A GLOBAL GARMENTS
TRADING, INC.; JOHN DOE 29 A/K/A
ARTEX; JOHN DOE 30 A/K/A BARONI
SALES GROUP; JOHN DOE 31 A/K/A
ESSENTIAL RIBBONS, INC.; JOHN DOE 32
A/K/A HAPPER LLC.; JOHN DOE 33 A/K/A
M.E. MARTIN COMPANY; JOHN DOE 34
A/K/A STANDARD LIGHTING OF NEW
YORK; JOHN DOE 35 A/K/A TAD ALLEN
ENTERPRISES; JOHN DOE 36 A/K/A
AMIC CORP; JOHN DOE 37 A/K/A DOWELL,
INC.; JOHN DOE 38 A/K/A FALA
TECHNOLOGIES; JOHN DOE 39 A/K/A FAST
POINT, INC.; JOHN DOE 40 A/K/A
GRANWELL PRODUCTS, INC.; JOHN DOE 41
A/K/A NAO ENTERPRISES; JOHN DOE 42
A/K/A OVADIA CORPORATION; JOHN DOE
43 A/K/A PATRIOT ANTENNA SYSTEMS;
JOHN DOE 44 A/K/A PATRIOT
INTERNATIONAL TRADING; JOHN DOE 45
A/K/A AMULET HOTKEY, INC.; JOHN DOE
46 A/K/A AKKD FASTENER, INC.; JOHN
DOE 47 A/K/A AVEDA INTERNATIONAL
COMPANY;
JOHN DOE 48 A/K/A ARCADIA
ARCHITECTUAL PRODUCTS; JOHN DOE 49
A/K/A ARCADIA ARCHITECTURAL
PRODUCTS; JOHN DOE 50 A/K/A BEST
WEAR ENTERPRISE; JOHN DOE 51

A/K/A BENCHMARK DESIGN GROUP; JOHN DOE 52 A/K/A BOLLE AMERICA, INC.; JOHN DOE 53 A/K/A CELLINI FURNITURE CRAFTERS; JOHN DOE 54 A/K/A DANIA WHOLESALE TRADING; JOHN DOE 55 A/K/A DEFERENCE CORP; JOHN DOE 56 A/K/A DICK MARTIN SPORTS, INC.; JOHN DOE 57 A/K/A DILLON IMPORT CORP; JOHN DOE 58 A/K/A EMPIRE MARBLE & HOME SUPPLY; JOHN DOE 59 A/K/A EZ WIRING; JOHN DOE 60 A/K/A G CENTURY CONCEPT; JOHN DOE 61 A/K/A THE GIFT DEPOT WHOLESALE; JOHN DOE 62 A/K/A THE GIFT DEPOT WHOLESALE; JOHN DOE 63 A/K/A THE GIFT DEPOT WHOLESALE; JOHN DOE 64 A/K/A JO INTERNATIONAL TRADING, INC.; JOHN DOE 65 A/K/A JRC WEB ACCESSORIES, INC.; JOHN DOE 66 A/K/A KAM INTERNATIONAL TRADING, LLC; JOHN DOE 67 A/K/A KREATIVE ACCESSORIES NY, INC.; JOHN DOE 68 A/K/A LOGISTICS USA, INC.; JOHN DOE 69 A/K/A MCLEAN MIDWEST CORP; JOHN DOE 70 A/K/A MERCHANTS INTERNATIONAL, INC.; JOHN DOE 71 A/K/A MUNIRE FURNITURE, INC.; JOHN DOE 72 A/K/A NEW WORLD DIRECT; JOHN DOE 73 A/K/A NSA INDUSTRIES, INC.; JOHN DOE 74 A/K/A ORIGINAL SOUNDTRACK, INC.; JOHN DOE 75 A/K/A PARADOX IMPORTS; JOHN DOE 76 A/K/A PROMA SALES GROUP; JOHN DOE 77 A/K/A SUN LONG INT'L, INC.; JOHN DOE 78 A/K/A TRI STATE APARTMENT FURNISHERS, LLC.; JOHN DOE 79 A/K/A VERSATILE PACKAGERS; JOHN DOE 80 A/K/A VIRA MANUFACTURING, INC.; JOHN DOE 81 A/K/A YOTTOY PRODUCTIONS, INC.; JOHN DOE 82 A/K/A YOU AND ME LEGWEAR LLC.; JOHN DOE 83 A/K/A R. SIMON DESIGN, INC. d/b/a LIGHTS UP; JOHN DOE 84 A/K/A GRAMTER INTNL CO. LTD.; JOHN DOE 85 A/K/A BIO-VERT LLC; JOHN DOE

3

86 A/K/A ASIA FURNITURE TRADING LTD;
JOHN DOE 87 A/K/A SMART SOURCING,
INC.; JOHN DOE 88 A/K/A BEL,
INCORPORATED; JOHN DOE 89 A/K/A
GRANDWELL INDUSTRIES; JOHN DOE 90
A/K/A HOLO-SOURCE MATERIALS CO.;
JOHN DOE 91 A/K/A OEC FREIGHT, INC.;
JOHN DOE 92 A/K/A IDEA KITCHENS AND
BATH; JOHN DOE 93 A/K/A KEITHLEY
INSTRUMENTS, INC.; JOHN DOE 94 A/K/A
CAL PACIFIC INTERNATIONAL; JOHN DOE
95 A/K/A CAL PACIFIC INTERNATIONAL;
JOHN DOE 96 A/K/A CGS INDUSTRIES, INC.;
JOHN DOE 97 A/K/A UNION LOGISTICS,
INC.; JOHN DOE 98 A/K/A MEITU
CORPORATION; JOHN DOE 99 A/K/A
WESTWOOD PRODUCT,

Defendants.

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES AND VIOLATION OF TARIFF ACT

Plaintiff, Nike, Inc. ("Nike"), by its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP and Holihan Law allege on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, violation of the Tariff Act, and unlawful importation of goods bearing infringing/counterfeit marks in violation of the laws of the United States.  Nike seeks expedited discovery, an injunction, damages and related relief.

4

942951-1

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq.  Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3.      Nike is an Oregon corporation and maintains its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

4.      Defendant, JOHN DOE 1 A/K/A AMTAI IMPORTS ("Doe #1" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 7, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-1". Doe #1's current address and location is not presently known.

5.      Defendant, JOHN DOE 2 A/K/A BEST DEALS TRADING USA ("Doe #2" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 13, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-2". Doe #2's current address and location is not presently known.

6.      Defendant, JOHN DOE 3 A/K/A ELSTER ELECTRICITY, LLC ("Doe #3" or "Defendants") is an individual who is doing business in New Jersey and this District, who

imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 21, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-3". Doe #3's current address and location is not presently known.

7.      Defendant, JOHN DOE 4 A/K/A ELESTER ELECTRICITY ("Doe #4" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 4, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-4". Doe #4's current address and location is not presently known.

8.      Defendant, JOHN DOE 5 A/K/A GOLDMAN PROMOTIONS, INC. ("Doe #5" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 5, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-5". Doe #5's current address and location is not presently known.

9.      Defendant, JOHN DOE 6 A/K/A GRACEFUL TRADING, INC. ("Doe #6" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-6". Doe #6's current address and location is not presently known.

942951-1

10.    Defendant, JOHN DOE 7 A/K/A MAIN SIDE, INC. ("Doe #7" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about January 23, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-7". Doe #7's current address and location is not presently known.

11.    Defendant, JOHN DOE 8 A/K/A MAIN SIDE, INC. ("Doe #8" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about January 23, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-8". Doe #8's current address and location is not presently known.

12.    Defendant, JOHN DOE 9 A/K/A MAVI JEANS, INC. ("Doe #9" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about February 22, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-9". Doe #9's current address and location is not presently known.

13.    Defendant, JOHN DOE 10 A/K/A NORTH AMERICA KITCHEN ("Doe #10" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about January

7

24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-10". Doe #10's current address and location is not presently known.

14.      Defendant, JOHN DOE 11 A/K/A Q&B TRADING, INC ("Doe #11" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about January 16, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-11". Doe #11's current address and location is not presently known.

15.      Defendant, JOHN DOE 12 A/K/A QUEST MANUFACTURING, INC. ("Doe #12" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 7, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-12". Doe #12's current address and location is not presently known.

16.      Defendant, JOHN DOE 13 A/K/A HONG SHEN UNITED REVERTEX TRADING ("Doe #13" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-13". Doe #13's current address and location is not presently known.

942951-1

17.      Defendant, JOHN DOE 14 A/K/A SAINT GOBAIN CERAMICS & PLASTICS ("Doe #14" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-14". Doe #14's current address and location is not presently known.

18.      Defendant, JOHN DOE 15 A/K/A SAINT GOBAIN CERAMICS & PLASTICS ("Doe #15" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-15". Doe #15's current address and location is not presently known.

19.      Defendant, JOHN DOE 16 A/K/A BEPEX INTERNATIONAL ("Doe #16" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 8, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-16". Doe #16's current address and location is not presently known.

20.      Defendant, JOHN DOE 17 A/K/A BEST FLASH USA, INC. ("Doe #17" or "Defendants") is an individual who is doing business in New Jersey and this District, who

942951-1

imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 5, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-17". Doe #17's current address and location is not presently known.

21.     Defendant, JOHN DOE 18 A/K/A DIY CORP ("Doe #18" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 21, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-18". Doe #18's current address and location is not presently known.

22.     Defendant, JOHN DOE 19 A/K/A EZ IMPORT & EXPORT, INC. ("Doe #19" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 5, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-19". Doe #19's current address and location is not presently known.

23.     Defendant, JOHN DOE 20 A/K/A GENUINE TRADING, INC. ("Doe #20" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 8, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-20". Doe #20's current address and location is not presently known.

942951-1

24.     Defendant, JOHN DOE 21 A/K/A GLEASON AVERY DIVISION ("Doe #21" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 8, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-21". Doe #21's current address and location is not presently known.

25.     Defendant, JOHN DOE 22 A/K/A HOME ART TILE CORP ("Doe #22" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 21, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-22". Doe #22's current address and location is not presently known.

26.     Defendant, JOHN DOE 23 A/K/A L & M BAG & SUPPLY CO ("Doe #23" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 5, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-23". Doe #23's current address and location is not presently known.

27.     Defendant, JOHN DOE 24 A/K/A SIMPLY PERFECT FURNITURE ("Doe #24" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 22,

942951-1

2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-24". Doe #24's current address and location is not presently known.

28.     Defendant, JOHN DOE 25 A/K/A CAD CAAD TRADING ("Doe #25" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about February 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-25". Doe #25's current address and location is not presently known.

29.     Defendant, JOHN DOE 26 A/K/A COOL OCEAN TRADING, INC. ("Doe #26" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about October 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-26". Doe #26's current address and location is not presently known.

30.     Defendant, JOHN DOE 27 A/K/A GLOBAL GARMENT TRADING, ("Doe #27" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about March 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-27". Doe #27's current address and location is not presently known.

31.     Defendant, JOHN DOE 28 A/K/A GLOBAL GARMENTS TRADING, INC. ("Doe #28" or "Defendants") is an individual who is doing business in New Jersey and this

942951-1

District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-28". Doe #28's current address and location is not presently known.

32.     Defendant, JOHN DOE 29 A/K/A ARTEX ("Doe #29" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 22, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-29". Doe #29's current address and location is not presently known.

33.     Defendant, JOHN DOE 30 A/K/A BARONI SALES GROUP ("Doe #30" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 26, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-30". Doe #30's current address and location is not presently known.

34.     Defendant, JOHN DOE 31 A/K/A ESSENTIAL RIBBONS, INC. ("Doe #31" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto

942951-1

as Exhibit "A-31". Doe #31's current address and location is not presently known.

35.    Defendant, JOHN DOE 32 A/K/A HAPPER LLC ("Doe #32" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 15, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-32". Doe #32's current address and location is not presently known.

36.    Defendant, JOHN DOE 33 A/K/A M.E. MARTIN COMPANY ("Doe #33" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-33". Doe #33's current address and location is not presently known.

37.    Defendant, JOHN DOE 34 A/K/A STANDARD LIGHTING OF NEW YORK ("Doe #34" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 30, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-34". Doe #34's current address and location is not presently known.

38.    Defendant, JOHN DOE 35 A/K/A TAD ALLEN ENTERPRISES ("Doe #35" or "Defendants") is an individual who is doing business in New Jersey and this District, who

942951-1

imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-35". Doe #35's current address and location is not presently known.

39.     Defendant, JOHN DOE 36 A/K/A AMIC CORP ("Doe #36" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 17, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-36". Doe #36's current address and location is not presently known.

40.     Defendant, JOHN DOE 37 A/K/A DOWELL, INC. ("Doe #37" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-37". Doe #37's current address and location is not presently known.

41.     Defendant, JOHN DOE 38 A/K/A FALA TECHNOLOGIES ("Doe #38" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-38". Doe #38's current address and location is not presently known.

15

42.     Defendant, JOHN DOE 39 A/K/A FAST POINT, INC. ("Doe #39" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 25, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-39". Doe #39's current address and location is not presently known.

43.     Defendant, JOHN DOE 40 A/K/A GRANWELL PRODUCTS, INC. ("Doe #40" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 22, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-40". Doe #40's current address and location is not presently known.

44.     Defendant, JOHN DOE 41 A/K/A NAO ENTERPRISES ("Doe #41" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-41". Doe #41's current address and location is not presently known.

45.     Defendant, JOHN DOE 42 A/K/A OVADIA CORPORATION ("Doe #42" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 26,

2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-42". Doe #42's current address and location is not presently known.

46.     Defendant, JOHN DOE 43 A/K/A PATRIOT ANTENNA SYSTEMS ("Doe #43" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about April 26, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-43". Doe #43's current address and location is not presently known.

47.     Defendant, JOHN DOE 44 A/K/A PATRIOT INTERNATIONAL TRADING ("Doe #44" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about May 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-44". Doe #44's current address and location is not presently known.

48.     Defendant, JOHN DOE 45 A/K/A AMULET HOTKEY, INC. ("Doe #45" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-45". Doe #45's current address and location is not presently known.

942951-1

49.     Defendant, JOHN DOE 46 A/K/A AKKD FASTENER, INC. ("Doe #46" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-46". Doe #46's current address and location is not presently known.

50.     Defendant, JOHN DOE 47 A/K/A AVEDA INTERNATIONAL COMPANY ("Doe #47" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-47". Doe #47's current address and location is not presently known.

51.     Defendant, JOHN DOE 48 A/K/A ARCADIA ARCHITECTUAL PRODUCTS ("Doe #48" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about July 2, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-48". Doe #48's current address and location is not presently known.

52.     Defendant, JOHN DOE 49 A/K/A ARCADIA ARCHITECTURAL PRODUCTS ("Doe #49" or "Defendants") is an individual who is doing business in New

18

Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 4, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-49". Doe #49's current address and location is not presently known.

53.    Defendant, JOHN DOE 50 A/K/A BEST WEAR ENTERPRISE ("Doe #10" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-50". Doe #50's current address and location is not presently known.

54.    Defendant, JOHN DOE 51 A/K/A BENCHMARK DESIGN GROUP ("Doe #51" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 30, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-51". Doe #51's current address and location is not presently known.

55.    Defendant, JOHN DOE 52 A/K/A BOLLE AMERICA, INC. ("Doe #52" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 10, 2009, as depicted in the U.S. Customs and Border Protection seizure notice

942951-1

attached hereto as Exhibit "A-52". Doe #52's current address and location is not presently known.

56.     Defendant, JOHN DOE 53 A/K/A CELLINI FURNITURE CRAFTERS ("Doe #53" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 18, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-53". Doe #53's current address and location is not presently known.

57.     Defendant, JOHN DOE 54 A/K/A DANIA WHOLESALE TRADING ("Doe #54" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 30, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-54". Doe #54's current address and location is not presently known.

58.     Defendant, JOHN DOE 55 A/K/A DEFERENCE CORP ("Doe #55" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-55". Doe #55's current address and location is not presently known.

942951-1

59.     Defendant, JOHN DOE 56 A/K/A DICK MARTIN SPORTS, INC. ("Doe #56" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 17, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-56". Doe #56's current address and location is not presently known.

60.     Defendant, JOHN DOE 57 A/K/A DILLON IMPORT CORP ("Doe #57" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-57". Doe #57's current address and location is not presently known.

61.     Defendant, JOHN DOE 58 A/K/A EMPIRE MARBLE & HOME SUPPLY ("Doe #58" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-58". Doe #58's current address and location is not presently known.

62.     Defendant, JOHN DOE 59 A/K/A EZ WIRING ("Doe #59" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported

942951-1

counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 10, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-59". Doe #59's current address and location is not presently known.

63.     Defendant, JOHN DOE 60 A/K/A G CENTURY CONCEPT ("Doe #60" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-60". Doe #60's current address and location is not presently known.

64.     Defendant, JOHN DOE 61 A/K/A THE GIFT DEPOT WHOLESALE ("Doe #61" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-61". Doe #61's current address and location is not presently known.

65.     Defendant, JOHN DOE 62 A/K/A THE GIFT DEPOT WHOLESALE ("Doe #62" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about

942951-1

September 17, 2009, as depicted in the U.S. Customs and Border Protection seizure notice

attached hereto as Exhibit "A-62". Doe #62's current address and location is not presently

known.

66.     Defendant, JOHN DOE 63 A/K/A THE GIFT DEPOT WHOLESALE ("Doe

#63" or "Defendants") is an individual who is doing business in New Jersey and this District,

who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and

colorable imitations of NIKE's Trademarks through the Port of Newark on or about

September 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice

attached hereto as Exhibit "A-63". Doe #63's current address and location is not presently

known.

67.     Defendant, JOHN DOE 64 A/K/A JO INTERNATIONAL TRADING, INC.

("Doe #64" or "Defendants") is an individual who is doing business in New Jersey and this

District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits,

copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or

about August 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice

attached hereto as Exhibit "A-64". Doe #64's current address and location is not presently

known.

68.     Defendant, JOHN DOE 65 A/K/A JRC WEB ACCESSORIES, INC. ("Doe

#65" or "Defendants") is an individual who is doing business in New Jersey and this District,

who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and

colorable imitations of NIKE's Trademarks through the Port of Newark on or about August

13, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached

942951-1

hereto as Exhibit "A-65". Doe #65's current address and location is not presently known.

69.     Defendant, JOHN DOE 66 A/K/A KAM INTERNATIONAL TRADING, LLC ("Doe #66" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about June 12, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto  as Exhibit "A-66". Doe #66's current address and location is not presently known.

70.     Defendant, JOHN DOE 67 A/K/A KREATIVE ACCESSORIES NY, INC. ("Doe #67" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 3, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-67". Doe #67's current address and location is not presently known.

71.     Defendant, JOHN DOE 68 A/K/A LOGISTICS USA, INC. ("Doe #68" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 28, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-68". Doe #68's current address and location is not presently known.

942951-1

72.     Defendant, JOHN DOE 69 A/K/A MCLEAN MIDWEST CORP ("Doe #69" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-69". Doe #69's current address and location is not presently known.

73.     Defendant, JOHN DOE 70 A/K/A MERCHANTS INTERNATIONAL, INC. ("Doe #75" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-70". Doe #70's current address and location is not presently known.

74.     Defendant, JOHN DOE 71 A/K/A MUNIRE FURNITURE, INC. ("Doe #71" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-71". Doe #71's current address and location is not presently known.

75.     Defendant, JOHN DOE 72 A/K/A NEW WORLD DIRECT ("Doe #72" or "Defendants") is an individual who is doing business in New Jersey and this District, who

942951-1

imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 13, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-72". Doe #72's current address and location is not presently known.

76.    Defendant, JOHN DOE 73 A/K/A NSA INDUSTRIES, INC. ("Doe #73" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about July 8, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-73". Doe #73's current address and location is not presently known.

77.    Defendant, JOHN DOE 74 A/K/A ORIGINAL SOUNDTRACK, INC. ("Doe #74" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-74". Doe #74's current address and location is not presently known.

78.    Defendant, JOHN DOE 75 A/K/A PARADOX IMPORTS ("Doe #75" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached

942951-1

hereto as Exhibit "A-75". Doe #75's current address and location is not presently known.

79.     Defendant, JOHN DOE 76 A/K/A PROMA SALES GROUP ("Doe #76" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about July 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-76". Doe #76's current address and location is not presently known.

80.     Defendant, JOHN DOE 77 A/K/A SUN LONG INT'L, INC. ("Doe #77" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-77". Doe #77's current address and location is not presently known.

81.     Defendant, JOHN DOE 78 A/K/A TRI STATE APARTMENT FURNISHERS, LLC. ("Doe #78" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 30, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-78". Doe #78's current address and location is not presently known.

82.     Defendant, JOHN DOE 79 A/K/A VERSATILE PACKAGERS ("Doe #79" or "Defendants") is an individual who is doing business in New Jersey and this District, who

942951-1

imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 11, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-79". Doe #79's current address and location is not presently known.

83.    Defendant, JOHN DOE 80 A/K/A VIRA MANUFACTURING, INC. ("Doe #80" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 17, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-80". Doe #80's current address and location is not presently known.

84.    Defendant, JOHN DOE 81 A/K/A YOTTOY PRODUCTIONS, INC. ("Doe #81" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about August 31, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-81". Doe #81's current address and location is not presently known.

85.    Defendant, JOHN DOE 82 A/K/A YOU AND ME LEGWEAR LLC ("Doe #82" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about October 22, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached

942951-1

hereto as Exhibit "A-82". Doe #82's current address and location is not presently known.

86.     Defendant, JOHN DOE 83 A/K/A R. SIMON DESIGN, INC. D/B/A LIGHTS UP ("Doe #83" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-83". Doe #83's current address and location is not presently known.

87.     Defendant, JOHN DOE 84 A/K/A GRAMTER INTL CO. LTD. ("Doe #84" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about September 24, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-84". Doe #84's current address and location is not presently known.

88.     Defendant, JOHN DOE 85 A/K/A BIO-VERT, LLC ("Doe #85" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 6, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-85". Doe #85's current address and location is not presently known.

89.     Defendant, JOHN DOE 86 A/K/A ASIA FURNITURE TRADING LTD ("Doe #86" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 19, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-86". Doe #86's current address and location is not presently known.

90.     Defendant, JOHN DOE 87 A/K/A SMART SOURCING, INC. ("Doe #87" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-87". Doe #87's current address and location is not presently known.

91.     Defendant, JOHN DOE 88 A/K/A BEL INCORPORATED ("Doe #88" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-88". Doe #88's current address and location is not presently known.

92.     Defendant, JOHN DOE 89 A/K/A GRANDWELL INDUSTRIES, INC.

942951-1

("Doe #89" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-89". Doe #89's current address and location is not presently known.

93.     Defendant, JOHN DOE 90 A/K/A HOLO-SOURCE MATERIALS CO ("Doe #90" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about November 5, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-90". Doe #90's current address and location is not presently known.

94.     Defendant, JOHN DOE 91 A/K/A OEC FREIGHT, INC. ("Doe #91" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 9, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-91". Doe #91's current address and location is not presently known.

95.     Defendant, JOHN DOE 92 A/K/A IDEA KITCHENS AND BATH ("Doe #92" or "Defendants") is an individual who is doing business in New Jersey and this District,

942951-1

who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 10, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-92". Doe #92's current address and location is not presently known.

96.     Defendant, JOHN DOE 93 A/K/A KEITHLEY INSTRUMENTS, INC. ("Doe #93" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 21, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-93". Doe #93's current address and location is not presently known.

97.     Defendant, JOHN DOE 94 A/K/A CAL PACIFIC INTERNATIONAL ("Doe #94" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 10, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-94". Doe #94's current address and location is not presently known.

98.     Defendant, JOHN DOE 95 A/K/A CAL PACIFIC INTERNATIONAL ("Doe #95" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and

942951-1

colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 10, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-95". Doe #95's current address and location is not presently known.

99.      Defendant, JOHN DOE 96 A/K/A CGS INDUSTRIES, INC. ("Doe #96" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-96". Doe #96's current address and location is not presently known.

100.     Defendant, JOHN DOE 97 A/K/A UNION LOGISITICS, INC. ("Doe #97" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 22, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-97". Doe #97's current address and location is not presently known.

101.     Defendant, JOHN DOE 98 A/K/A MEITU CORPORATION ("Doe #98" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about

942951-1

December 21, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-98". Doe #98's current address and location is not presently known.

102.    Defendant, JOHN DOE 99 A/K/A WESTWOOD PRODUCT ("Doe #99" or "Defendants") is an individual who is doing business in New Jersey and this District, who imported counterfeit shoes bearing unauthorized reproductions, counterfeits, copies and colorable imitations of NIKE's Trademarks through the Port of Newark on or about December 29, 2009, as depicted in the U.S. Customs and Border Protection seizure notice attached hereto as Exhibit "A-99". Doe #99's current address and location is not presently known.

103.    The Complaint herein will be amended, if appropriate, to include the name or names of the John Doe individuals and/or entities when such information becomes available.

## NIKE'S FAMOUS TRADEMARKS

104.    Since 1971, Nike has advertised, offered for sale, and sold footwear and other related products throughout the United States.  Nike's sneakers have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including but not limited to, "NIKE," "NIKE AIR," the distinctive "Swoosh" Design, which sometimes is used in conjunction with the "NIKE" trademark or the "NIKE AIR" trademark, THE "AIR JORDAN" trademark, the "Jumpman" Design trademark, the "JUST DO IT" trademark, and the "AIR FORCE 1" trademark.  The Nike trademarks have at all relevant times been owned by Nike or its predecessor.

942951-1

105.    As a result of their exclusive and extensive use, the Nike trademarks have acquired enormous value and recognition in the United States and throughout the world.  The Nike trademarks are well known to the consuming public and trade as identifying and distinguishing Nike exclusively and uniquely as the source of origin of the high quality products to which the marks are applied.  The Nike trademarks are both inherently distinctive and famous.

106. The Nike trademarks registered in the United States Patent and Trademark Office for footwear include the following:

| MARK | Registration Date | Registration No. |
|---|---|---|
| NIKE | 2/19/74 | 978,952 |
| NIKE | 11/2/82 | 1,214,930 |
| NIKE AIR | 11/27/84 | 1,307,123 |
| SWOOSH DESIGN | 1/22/74 | 977,190 |
| SWOOSH DESIGN | 7/6/82 | 1,200,529 |
| SWOOSH DESIGN | 3/5/85 | 1,323,343 |
| SWOOSH DESIGN | 3/5/85 | 1,323,342 |
| NIKE & SWOOSH DESIGN | 3/19/85 | 1,325,938 |
| NIKE & SWOOSH DESIGN | 10/7/97 | 2,104,329 |
| NIKE AIR & SWOOSH DESIGN | 7/3/84 | 1,284,386 |
| AIR & SWOOSH DESIGN | 6/3/97 | 2,068,075 |
| AIR JORDAN | 11/12/85 | 1,370,283 |
| AIR JORDAN & DESIGN | 12/22/92 | 1,742,019 |
| AIR JORDAN & DESIGN | 9/26/89 | 1,558,100 |
| AIR FORCE 1 | 10/21/08 | 3,520,484 |
| AIR MAX | 10/11/88 | 1,508,348 |

Nike also owns numerous registrations for goods and services other than footwear, as summarized in the table annexed hereto as Exhibit "B" (the afore-mentioned trademarks and the marks summarized in Exhibit B are hereinafter collectively referred to as the "Nike Trademarks").

942951-1

107.    Most of the foregoing registrations have achieved incontestable status pursuant to 15 U.S.C. §1065.

## DEFENDANTS' WRONGFUL ACTIVITIES

108.    Each of the Defendants has imported, distributed and/or assisted in the distribution of footwear bearing unauthorized reproductions, copies, counterfeits and colorable imitations of the Nike Trademarks (the "Counterfeit Footwear").

109.    Upon information and belief, the Defendants have imported, distributed and/or assisted in the importation and distribution, of Counterfeit Footwear into the Port of Newark and this District.

110.    Upon information and belief, the Defendants have sourced the Counterfeit Footwear from the same source(s).

111.    Upon information and belief, each Defendant, individually or in conspiracy with the other named Defendants, imported and/or distributed the Counterfeit Footwear.

112.    Nike has never at any time authorized the Defendants to sell, distribute, import and/or offer for sale any products bearing the Nike Trademarks, including but not limited to Counterfeit Footwear at issue in this action.

113.    The acts of Defendants in importing and distributing, in interstate commerce products bearing counterfeits of the Nike Trademarks: (a) are likely to cause confusion and mistake among the consuming public that all such products originate with Nike; (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Nike; (c) are likely to cause confusion and mistake among the consuming public that said products and services are being offered to the

consuming public with the sponsorship or approval of Nike; and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Nike Trademarks.

114.    Defendants imported and distributed the goods knowing the goods bore counterfeits of the Nike Trademarks, or willfully ignored whether the goods bore counterfeits of the Nike Trademarks.  Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendants, the benefit of the enormous goodwill associated with the Nike Trademarks.  The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the Nike Trademarks.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK COUNTERFEITING)**

115.    Nike repeats each and every allegation set forth in paragraphs 1 through 114 above as if fully set forth herein.

116.    Nike owns the exclusive trademark rights to the trademarks indexed in Exhibit "B."

117.    The Nike Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered Nike Trademarks.  Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

118.    Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

942951-1

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT)

119.   Nike repeats each and every allegation set forth in paragraphs 1 through 118 above as if fully set forth herein.

120.   Defendants' use of the Nike Trademarks, without Nike's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of footwear and other products bearing counterfeit and infringing Nike Trademarks.

121.   Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## (FALSE DESIGNATION OF ORIGIN)

122.   Nike repeats each and every allegation set forth in paragraphs 1 through 121 above as if fully set forth herein.

123.   Defendants' use of the Nike Trademarks, without Nike's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the footwear imported and distributed by Defendants bearing counterfeit and infringing Nike Trademarks.

942951-1

124. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)

125. Nike repeats each and every allegation set forth in paragraphs 1 through 124 above as if fully set forth herein.

126. The Nike Trademarks are famous and inherently distinctive. Nike and its predecessors in interest, in connection with the promotion and sale of their products, have used the Nike Trademarks for decades on both a national and international basis. As a result of Nike's extensive and substantial promotion of the Nike Trademarks, the consuming public and trade have come to associate these Nike Trademarks uniquely and distinctly with Nike and its high quality merchandise.

127. Long after the Nike Trademarks became famous, Defendants, without authority from Nike, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered trademarks.

128. As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

129. Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

942951-1

## FIFTH CLAIM FOR RELIEF
## (IMPORTATION OF GOODS BEARING
## INFRINGING MARKS OR NAMES)

130.    Nike repeats each and every allegation set forth in paragraphs 1 through 129 above as if fully set forth herein.

131.    Defendants imported Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks in violation of 15 U.S.C. §1124.

132.    Defendants' have materially contributed to the importation of Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks.

133.    Defendants' have realized gains and profits from the importation, or assisting in the importation, of the Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks.

134.    Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF TARIFF ACT)

135.    Nike repeats each and every allegation set forth in paragraphs 1 through 134 above as if fully set forth herein.

136.    Defendants imported Counterfeit Footwear bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the NIKE Trademarks in violation of the 19 U.S.C. § 1526(a).

40

137.    Nike has filed copies of its federal trademark registrations covering of one or more of the NIKE Trademarks with the Department of Treasury and U.S. Customs.

138.    Such conduct on the part of Defendants has injured Nike in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Nike for which Nike has no adequate remedy at law.

WHEREFORE, Nike demands entry of a judgment against each and every Defendant as follows:

139.    Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a)      imitating, copying or making unauthorized use of the Nike Trademarks;

(b)      manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Nike Trademarks;

(c)      using any unauthorized reproduction, counterfeit, copy of colorable imitation of the Nike Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Nike or to any goods sold, sponsored, approved by, or connected with Nike;

942951-1

(d)     using any unauthorized reproduction, counterfeit, copy and colorable imitation of the Nike Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Nike's image, trade names or reputation or the distinctive quality of the Nike Trademarks;

(e)     engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of the Nike Trademarks or of Nike's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Nike Trademarks, and the reputation and the goodwill associated therewith;

(f)     making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of Nike, or that is false or misleading with respect to Nike; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized reproductions, counterfeits, copies and colorable imitations of the Nike Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

140.    Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control

942951-1

bearing resemblance to the Nike Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

141.    Directing such other relief as the Court may deem appropriate to prevent any erroneous impression among the trade and/or public that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Nike or is related to or associated in any way with Nike's products.

142.    Requiring Defendants to account and pay over to Nike, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

143.    Awarding Nike, at its election, statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the Nike Trademarks.

144.    Awarding Nike its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

145.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

942951-1

146.    Awarding Nike such other and further relief as the Court may deem just and

proper.

Dated:  New York, New York
        April 12, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
    Safia A. Anand
    Martin J. Feinberg
    *Attorneys for Plaintiff Nike, Inc.*
    744 Broad Street, 16th Floor
    Newark, New Jersey 07102
    (212) 451-2300

    and

    Michael W.O. Holihan
    Holihan Law
    *Of Counsel for Plaintiff Nike, Inc.*
    1101 North Lake Destiny Road, Suite 275
    Maitland, FL 32751
    (407) 660-8575

942951-1